**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AVIATION SERVICES, LLC, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.  23 C 3103 |
| | ) | |
| UNITED STATES SMALL BUSINESS ADMINISTRATION, | ) | Judge Rebecca R. Pallmeyer |
| | ) | |
| Defendant. | ) | |
| LYNDA RUSSO, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.  23 C 3507 |
| | ) | |
| UNITED STATES SMALL BUSINESS ADMINISTRATION, | ) | Judge Rebecca R. Pallmeyer |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

The Freedom of Information Act ("FOIA") requires the government to release documents to members of the public upon request, but allows the government to withhold materials that fall within nine enumerated "exemptions."  In these lawsuits, Plaintiffs seek documents from the U.S. Small Business Administration ("SBA" or "the government") relating to the agency's administration of the Economic Injury Disaster Loan ("EIDL") program during the COVID-19 pandemic.  Early in 2025, the court issued a lengthy ruling on Plaintiffs' many separate demands for documents.  *See* Summary Judgment Order ("S.J. Order"), *Aviation Servs. LLC v. U.S. Small Business Administration*, Nos. 23 C 3103, 23 C 3507, 2025 WL 963127 (N.D. Ill. Mar. 31, 2025).  One of those requests was for disclosure of banking information of various third-party businesses that applied for EIDL grants.  SBA argued it was entitled to withhold this information under Exemption 6 of FOIA, but the court disagreed, observing that Exemption 6 did not apply to these documents because it protects the privacy of individuals, not businesses.  *See id.* at *14.

The government now moves [48] for reconsideration pursuant to FED. R. CIV. P. 54(b), arguing that the bank account information at issue remains protected from disclosure by a different FOIA exemption:  Exemption 4.  As explained below, this motion is granted, and the court's prior order is modified in accordance with this opinion.

## BACKGROUND

The court assumes the parties' general familiarity with the factual and procedural background of this case, which was explained in some depth in the court's prior opinion.  *See generally* S.J. Order, 2025 WL 963127*.*  The court briefly summarizes the relevant facts below.

This case originates from an expansion of SBA's Economic Injury Disaster Loan ("EIDL") program during the COVID-19 pandemic.  SBA's enabling statute authorizes the agency to award EIDL loans to small businesses that have been injured by certain natural disasters or other emergencies.  *See* 15 U.S.C. § 636(b)(2).  In 2020, in response to the pandemic, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), which appropriated a significant sum of money to the program to aid small businesses harmed by the pandemic.  *See* 15 U.S.C. § 9001 et seq.  In order to expedite the distribution of these much-needed EIDL loans, Congress waived many of the program's application requirements, and authorized eligible small businesses to receive a loan advance while their applications were pending.  15 U.S.C. § 9009(d)–(e).

Plaintiffs are small businesses who applied for EIDL grants, but whose applications were denied.  *See* S.J. Order, 2025 WL 963127, at *1.  On June 22, 2022, Plaintiffs submitted a number of FOIA requests that demanded documents from SBA relating to the agency's administration of the EIDL program.  Some of these requests concern the Plaintiffs' own applications, but others include information relating to other third-party small businesses.  While Plaintiffs have not stated why they are requesting information on third-party applicants, the court assumes they are seeking evidence of inconsistencies or inefficiencies in the government's administration of the program during the pandemic.  *See id*.

In response to one of these requests, SBA produced a spreadsheet of "statistical data of EIDL applications where a bank had returned some or all the approved funds to SBA." *Id.* at *14. But SBA redacted "the names, business addresses, and bank account information" of all third-party EIDL applications other than Plaintiffs. *Id.* SBA justified this redaction by pointing to FOIA's so-called "Exemption 6," which exempts from disclosure any documents that "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6).

This lawsuit resulted. Plaintiffs challenged, *inter alia*, SBA's decision to redact bank account information from the spreadsheet. Both parties filed cross-motions for summary judgment, and on March 31, 2025, the court issued a lengthy order addressing the issue, as well as many others. Relevant here, the court rejected SBA's invocation of Exemption 6 in part: observing that the Exemption protects only *individuals*, and not *business entities*, the court ordered SBA to release "bank account information for all entities in the spreadsheet that are not individually owned or closely held." S.J. Order, 2025 WL 963127, at *19.

The government moves for reconsideration under FED. R. CIV. P. 54(b) [48]. In brief, the government explains that its earlier briefs erroneously invoked Exemption 6, instead of Exemption 4, which protects the commercial or financial information of business entities. Plaintiffs opposed [53], and the government replied [57]. The motion is now fully briefed.

## **DISCUSSION**

Rule 54(b) grants the district court "sweeping authority" to modify orders prior to entering final judgment, *Galvan v. Norberg*, 678 F.3d 581, 587 n.3 (7th Cir. 2012). Because the "denial of summary judgment is an interlocutory ruling," *Haze v. Kubicek*, 880 F.3d 946, 950 (7th Cir. 2018), the order at issue here falls within the ambit of this rule.

Enacted to "open agency action to the light of public scrutiny," *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976) (citation omitted), the Freedom of Information Act provides that "each agency, upon any [proper] request for records . . . shall make the records promptly available to

any person." 5 U.S.C. § 552(a)(3)(A); *see also Rubman v. U.S. Citizenship & Immigr. Servs*., 800 F.3d 381, 386 (7th Cir. 2015). But FOIA also authorizes the government to withhold requested documents that fall within nine enumerated exemptions. *See* 5 U.S.C. § 552(b). Relevant here are Exemptions 4 and 6: Exemption 4 authorizes non-disclosure of "trade secrets and commercial or financial information obtained from a person and privileged or confidential," 5 U.S.C. § 552(b)(4), while Exemption 6 covers "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." The government acknowledges that it erroneously invoked Exemption 6 in seeking to withhold bank account numbers of third-party businesses who applied for SBA loans. The government urges, now, that it is Exemption 4 that is relevant here.[1] (Mot. [48] ¶ 2 ("SBA invoked the wrong exemption in support of its redactions.").)

Before turning to the merits of the government's motion, the court addresses a threshold issue: whether reconsideration is permissible at all. Plaintiffs insist it is not. They argue that the government's motion is an attempt at an "impermissible 're-do'" that does not meet Rule 54(b)'s high bar for reconsideration. (Opp'n [53] at 3.) The court disagrees. It is true that the bar for reconsideration is high, and courts rarely grant motions for reconsideration, especially where the primary basis for reconsideration is the moving party's own failure to raise an argument in a prior stage of proceedings. *Cf. Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."). As a general rule, it is a party's responsibility to determine which evidence and legal arguments are persuasive and present them to the court for adjudication; a party is not

---

[1] Unlike other agency actions that are reviewed under the deferential "arbitrary or capricious" standard, FOIA denials are reviewed by the district court *de novo*, and the agency bears the burden of "sustain[ing]" its decision to withhold requested documents. *U.S. Dep't of Just. v. Reps. Comm. For Freedom of Press*, 489 U.S. 749, 755 (1989); *see also Citizens for Resp. & Ethics in Washington v. U.S. Dep't of Just.*, 58 F.4th 1255, 1262 (D.C. Cir. 2023)

entitled to reconsideration simply because its case was not as persuasive as it could have been. *See Quaker Alloy Casting Co. v. Gulfco Indus.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988) ("[T]his Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure."). The court nevertheless concludes reconsideration is indeed prudent here. The parties harmed by the government's prior invocation of the wrong FOIA exemption are not SBA or another agency, but rather *third-party small businesses*, entirely uninvolved in this case, that presented their bank account information to the government while applying for emergency pandemic aid. Plaintiffs' frustration is understandable, but mistakes happen, and the court declines to unfairly penalize third parties because of one oversight in the government's briefing in a complex case involving dozens of moving parts.

The court turns to the task at hand. As stated, Exemption 4 protects from disclosure "matters that are . . . [1] trade secrets and commercial or financial information [2] obtained from a person and [3] privileged or confidential." 5 U.S.C. § 552(b)(4). Both parties agree that the account and routing numbers at issue here are "commercial or financial information" that are "obtained from a person." (Opp'n [53] at 4.) The issue before the court is whether bank account and routing numbers are "privileged or confidential" within the meaning of Exemption 4.

The court has little difficulty concluding that they are. For the purposes of FOIA, information is "privileged or confidential" whenever it is "both customarily and actually treated as private by its owner and provided to the government under an assurance of privacy." *Food Mktg. Inst. v. Argus Leader Media*, 588 U.S. 427, 440 (2019). Account holders tend to closely guard their bank account numbers, and for good reason, as would-be fraudsters can wield a business's account and routing number to commit check fraud. *See, e.g.*, *United States v. Williams*, 790 F.3d 1240, 1242–43 (11th Cir. 2015) (describing fraud conviction where defendant forged fake checks using victims' account and routing numbers); *Williams v. United States*, No. 3:10-CR-199-J-32MCR, 2019 WL 1993603, at *2–3 (M.D. Fla. May 6, 2019) (same); *Mensah-Yawson v. United States*, No. 12-1685, 2013 WL 965548, at *5 (W.D. Pa. Mar. 11, 2013) (same). Disclosure of

these numbers could harm small businesses by exposing them to undue fraud risk, and might "dissuad[e] others" from applying for similar emergency grants in the future. *See Ctr. for Investigative Reporting v. U.S. Customs and Border Prot.*, 436 F. Supp. 3d 90, 113 (D.D.C. 2019).

In light of the sensitivity of bank account information, it is not surprising that several courts have held such information is "confidential" and thus protected by Exemption 4. *E.g.*, *Calderon v. U.S. Dep't of Agric.*, 236 F. Supp. 3d 96, 118 (D.D.C. 2017) (allowing redaction of bank account numbers and tax ID numbers because "disclosure may place the submitters at risk for fraud or theft"); *Microsoft Corp. v. Internal Revenue Serv.*, No. C15-369 RSM, 2023 WL 255801, at *9 (W.D. Wash. Jan. 18, 2023) (same, for billing schedules, invoices, hours worked, and bank account numbers of third-party law firms); *Palmarini v. Internal Revenue Serv.*, No. CV 17-3430, 2019 WL 1429547, at *3 (E.D. Pa. Mar. 29, 2019) (holding that withholding bank account information was a "proper usage of Exemption 4"); *Fox News Network, LLC v. U.S. Dep't of Treasury*, 739 F. Supp. 2d 515, 564-65 (S.D.N.Y. 2010) (same); *Rocky Mountain Wild, Inc. v. United States Forest Serv.*, No. 18-CV-03065-MEH, 2021 WL 825985, at *19 (D. Colo. Mar. 4, 2021) (same). The court sees no reason to deviate from those cases here.

The thrust of Plaintiffs' counterarguments is that bank account and routing numbers are not confidential because they are printed on the bottom of a business's checks. (Opp'n [53] at 7.) But that fact rests on the premise that checks themselves are not private information. The court does not share that assumption. Check payments and payees may well be confidential information; a business chooses entities with whom it will enter into transactions, so the fact that a business sends checks to a limited universe of entities does not mean that it does not "treat" that information as "private." *Argus Leader*, 588 U.S. at 440. Plaintiffs' argument also leads to the conclusion that other payment information—such as credit card numbers, or wire numbers— are also non-private because a business provides them to others for the purpose of remitting payment. The court suspects both accountholders and bad actors would be amazed at news that a criminal can obtain a list of targets for theft and fraud simply by filing a FOIA request. The court

6

concludes that bank account and routing numbers are exempted from mandatory disclosure by Exemption 4 of FOIA.

Plaintiffs' briefing focuses on two other pieces of information—routing numbers and bank names—and argues that neither should be redacted. As to routing numbers, the court disagrees; redaction is appropriate because a routing number, combined with an account number, can be used to identify, locate, and target a business's bank account with precision. As noted above, the court assumes that businesses closely guard numerical codes that can be used to locate its bank accounts; thus, the court finds the routing number is also "privileged or confidential" within the meaning of Exemption 4. Finally, Plaintiffs argue that the government's motion would also allow it to redact bank names from its disclosures (Opp'n [53] at 5), but SBA does not appear to have made that argument. The government's opening brief does not mention bank names at all, and the reply brief refers to them just once in passing. (Reply [57] at 7.) If the government does intend to argue that bank names must be redacted even when account and routing numbers have already been redacted, that argument is forfeited.[2] *Vang v. Saul*, 805 F. App'x. 398, 403 (7th Cir. 2020) (quoting *M.G. Skinner & Assocs. Ins. Agency v. Norman-Spencer Agency*, 845 F.3d 313, 321 (7th Cir. 2017)) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority.").

---

[2] The law does not appear to independently support the redaction of bank names. Bank names present little risk of fraud because, unlike routing numbers and account numbers, they cannot be used to locate and target an individual's bank accounts with precision. Moreover, the government has presented no basis for a conclusion that businesses closely guard the names of banks with whom they do business.

**<u>CONCLUSION</u>**

Defendant's motion for reconsideration [48] is granted. The court's prior Memorandum Opinion and Order [44] is modified in accordance with this opinion. SBA may redact all bank account and routing numbers for all individuals and business entities in the September 8, 2023, spreadsheet, and may submit an amended Vaughn Index citing Exemption 4 as the appropriate basis for non-disclosure of such business and corporate bank account and routing numbers.

ENTER:

Dated: March 2, 2026

REBECCA R. PALLMEYER
United States District Judge

8